UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Dalit Cohen and Rosemary Robertson, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> vs. <br><br> Quten Research Institute, LLC d/b/a Qunol Minerals, <br><br> Defendant. | Civil Action No.: 23-cv-07183 |

**MEMORANDUM IN OPPOSITION TO
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Plaintiffs Dalit Cohen ("Cohen") and Rosemary Robertson ("Robertson"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to Defendant Quten Research Institute, LLC d/b/a Qunol Minerals ("Quten") Motion to Dismiss Plaintiffs' Complaint (the "Motion").

Quten sold and marketed magnesium supplements (the "Supplements") which claimed to contain 420 mg. of "Magnesium (as Magnesium Glycinate)" in each two-capsule serving. This was false; the size of the capsules (type 00) are too small to contain enough magnesium glycinate from which 420 mg of magnesium can be derived.

Defendant argues for dismissal because, it claims, Plaintiffs proceed on a 'lack of substantiation' theory, *e.g.,* that the falsity at issue is an advertised benefit for which the Defendant has not substantiated. This is a mischaracterization of the claims and ignores the allegations. Plaintiffs affirmatively claim the Supplement's representations are false, not that they are merely

1

unsubstantiated, and the motion to dismiss should be denied. *See Diebler v. SanMedica Int'l, LLC*, 488 F. Supp. 3d 169 (D.N.J. 2020).

## BACKGROUND

### I. The Parties

Cohen is a resident of Roslyn, New York. (Compl. ¶ 5). She purchased the Supplement at a Roslyn, New York Walmart in or around June 2022. *Id*. She viewed the front and back label of the Supplement when she purchased it. *Id*.

Robertson is a resident of Santee, California. *Id*. ¶ 6. She purchased the Supplement at a Lemon Grove, California Rite Aid retail store in 2022. *Id*. She viewed the front and back label of the Supplement when she purchased it. *Id*.

Quten is a New Jersey limited liability company with a principal place of business at 10 Bloomfield Avenue, Pine Brook, New Jersey 07058. *Id.* ¶ 7. From that location, Quten markets, advertises, distributes and sells the Supplement throughout the United States. *Id*.

### II. The Supplement represents it contains 420 mg of "Magnesium (as Magnesium Glycinate) per each 2-capsule serving

Defendant sells the Supplements in the form of magnesium glycinate, which is known as a highly absorbable form of magnesium, and it advertises that it has a high absorption rate compared to other types of magnesium. *Id.* ¶ 11.

Quten's website advertises that "Qunol's high absorption magnesium promote nerve, bone, and muscle health. It also supports heart health"; and that "[w]ith high absorption compared to others, Qunols new Magnesium capsules are designed to work for you." *Id.* ¶ 12

Quten labels and advertises the Supplement to state the amount of magnesium as magnesium glycinate. *Id.* ¶ 15.





*Id*. 15-16.  Quten lists magnesium content (420mg) on the front label. *Id*.  And on the back it states the Supplement contains 420 mg of "Magnesium (as Magnesium Glycinate)" per each 2-capsule serving. *Id.*

The "Supplement Facts" note that 420 mg of magnesium as magnesium glycinate constitutes 100% of the recommended Daily Value of magnesium. *Id.*  With respect to magnesium, the recommended Daily Value for adults and children over four years is 420 milligrams (mg) of magnesium. 21 C.F.R. § 101.9(c)(8) (iv). *Id*. ¶ 20.

### III. Math prohibits a 2-capsule serving of the Supplements from containing 420 mg of "Magnesium (as Magnesium Glycinate)"

Quten uses size 00 capsules for the Supplements. (Compl. ¶ 23).  Size 00 capsules fit approximately 735 mg of powder.[1] *Id*. At most, a size 00 capsule can contain 1,092 mg of powder with a density of 1.2 g/ml; on the lower end of the spectrum size 00 capsules can fit up to 546 mg of powder with a density of 0.6 g/ml.[2] *Id*. Thus, two size 00 capsules *at the very highest level of density* can contain 2,184 mg of powder per serving.[3]

Magnesium glycinate contains 14.1% of actual magnesium.[4] *Id.* ¶ 24. Accordingly, to get 420 mg of "Magnesium (as Magnesium Glycinate)" approximately 3,000 mg of magnesium glycinate is needed.[5] *Id.*

It is not physically possible to fit 3,000 mg of powder into two size 00 capsules which fit, at most, 2,184 mg of powder. *Id*. ¶ 23-25.   Thus, if the only ingredient in the two size 00 capsules

---

[1] *See, e.g.,* https://capsuleconnection.com/capsule-sizing-info/ (last visited March 14, 2023).

[2] *See id.*

3  2 x 1,092 = 2,184.

[4] *See, e.g.,* https://en.wikipedia.org/wiki/Magnesium_glycinate (last visited March 14, 2023).

[5] 14.1% of 2,978.72 = 420

was "Magnesium (as Magnesium Glycinate)" it was physically impossible for them to contain 420 mg of magnesium. The most "Magnesium (as Magnesium Glycinate)" that can be fit in two size 00 capsules is approximately 308 mg.[6]

Moreover, "Magnesium (as Magnesium Glycinate)" is not the only ingredient; the label states the Supplement also contains "Gelatin" and "Magnesium Stearate." *Id*. ¶¶ 16 & 27. Therefore, the amount of "Magnesium (as Magnesium Glycinate)" in two of these size 00 capsules is some amount less than 308 mg. *Id*. ¶ 27.

The Supplements either (1) contain far less "Magnesium (as Magnesium Glycinate)" than stated and/or (2) contain magnesium derived from a source other than "Magnesium Glycinate."[7] (Compl. ¶¶ 2 & 29). Either scenario, which are compelled by math, directly contradict the representation on the Supplement that it contains 420 mg of "Magnesium (as Magnesium Glycinate)" per serving.

## IV. The Claims

Plaintiffs, residents of New York and California, seek relief on their own behalf and behalf of similarly situated classes, seek relief from Quten, a New Jersey company.

Specifically, Plaintiffs' claim is that the advertisement and representation that the Supplement contains 420 mg. of "Magnesium (as Magnesium Glycinate)" is false and two size 00 capsules do not, and cannot, contain that much "Magnesium (as Magnesium Glycinate)."

Plaintiffs seek to represent a Nationwide Class for violations of New Jersey Law; a

---

[6] 14.1% (amounts of actual magnesium in magnesium glycinate) x 2,184 mg (maximum capacity of two size 00 capsules) = 307.9

[7] For instance, magnesium oxide, which is often used to treat constipation, indigestion and other digestive symptoms, contains a higher percentage of magnesium and could deliver 420 mg of magnesium per the similar serving size. (Compl. ¶ 2).

5

California Class sub-class for violation of California law; and a New York sub-class for violations of New York law. (Compl. ¶ 40).

For the Nationwide Class and themselves, Plaintiffs seek relief under the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.*, and for Fraudulent Concealment. (Compl. ¶¶ 48-81).

For the New York sub-class and Cohen, Plaintiffs seek relief for breach of express warranty under N.Y. UCC § 2-313, violation of New York General Business Law §§ 349 & 350, *et seq.*, and breach of the implied warranty of merchantability under N.Y. U.C.C. LAW § 2-314. (Compl. ¶¶ 82-104).

For the California sub-class and Robertson, Plaintiffs seek relief for breach of express warranty under Cal. Com. Code § 2313, untrue, misleading and deceptive advertising under Cal. Bus. & Prof. Code §§ 17500, *et seq.*, misrepresentation of a product's standard, quality, sponsorship approval, and/or certification in violation of the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.,* violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*., and breach of implied warranty of merchantability pursuant to Cal. Com. Code § 2314. (Compl. ¶¶ 105-146).

## ARGUMENT

### I. Standard

In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal is inappropriate simply because "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id*. The facts alleged, however, must be "more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).[8]

## II. Plaintiffs' Claim, Allege and Demonstrate that the Advertising on the Supplements is False; Plaintiffs Do Not Make a Lack of Substantiation Theory

The Motion is based on the incorrect premise that Plaintiffs' have alleged or proceed on a "lack of substantiation" theory which cannot form the basis of a New Jersey Consumer Fraud Act claim or the New York and California equivalents. (Motion pg. 3-6). A "[l]ack of substantiation is theory of liability premised upon the lack of scientific support for an advertised benefit of a product." *Diebler v. SanMedica Int'l, LLC*, 488 F. Supp. 3d 169, 180 (D.N.J. 2020).

However, a lack of substantiation claim is "distinguishable from a claim 'premised upon allegations that competent scientific evidence demonstrates that claims made by a defendant are objectively false.'" *Id*. (*quoting Chaudhri v. Lumileds LLC*, 2018 WL 6322623, at *7 (D.N.J. Dec. 3, 2018)); *see also In re Gerber Probiotic Sales Pracs. Litig.*, , 2013 WL 4517994, at *8 (D.N.J. Aug. 23, 2013) ("Plaintiffs do not merely assert that no credible science supports Defendant's claims; rather, they allege that the representations regarding the Products are affirmatively false.").

Here, Plaintiffs' Complaint unequivocally states that the representations on the Supplements are affirmatively false. (Compl. ¶ 28 ("Defendant's representations that two capsules of the Magnesium Supplements contains 420 mg of magnesium as magnesium glycinate is

---

[8] This formulation of the standard is taken from *Rapoport v. Caliber Home Loans, Inc.*, 617 F. Supp. 3d 241, 246 (D.N.J. 2022) (Arleo, J.).

false.")). Plaintiffs base the allegation on (1) the representations on the Supplements; (2) the actual density of magnesium in magnesium glycinate (Compl. ¶ 24); and (3) the fact that Defendant uses size 00 capsules (Compl. ¶ 23). In the Motion, Defendant completely ignores the gravamen of Plaintiffs' allegations and the foregoing facts which allege and demonstrate that the Supplements do not contain 420 mg of "Magnesium (as Magnesium Glycinate)" per each 2-capsule serving. *Id.*

Unlike Plaintiffs' claims, a lack of substantiation theory alleges a "defendant cannot substantiate the advertising effects it made about a product." *Hoffman v. Nat. Factors Nutritional Prod. Inc.*, 2014 WL 2916452, at *3 (D.N.J. June 26, 2014). In *Hoffman*, the Court identified a 'lack of substantiation' theory and what it entails:

> the Complaint states that "[t]here are no reliable medical studies validating Defendant's claim of product efficacy and Defendant neither possess nor could it identify any clinical data and/or scientific research supporting its marketing claim." (Compl. at Overview; *see also id.* at ¶ 8 ("There is no reliable evidence to support the Defendant's claim that GABA, taken by mouth, in a 100 mg chewable tablet, can deliver any benefit in relation to mental focus, and/or promote mental focus.... Defendant ... could neither identify nor cite any clinical study demonstrating efficacy for mental focus."); *id.* at ¶ 11 ("The affirmative promises and representations made by Defendant ... are without valid medical/clinical support."); *id.* at ¶ 14 (alleging that putative class members were "victimized by false promises and claims with respect to product efficacy and benefit); *id.* at ¶ 15 ("[T]he orally administered product sold by Defendant in its present concentration has not been clinically shown to deliver any benefit relative to mental focus.")).

*Id*. at *4. The gravamen of the *Hoffman* claims was that the defendant could not substantiate mental focus and anxiety reducing benefits of its product which was not an actionable claim. *Id*. That also is not what the Plaintiffs allege here.

Rather than claiming Defendant lacks studies showing the Supplements contain 420 mg of magnesium as magnesium glycinate, Plaintiffs affirmatively allege and show that it is impossible for the Supplements to be as advertised. That is a claim of falsity not for lack of substantiation. *Diebler*, 488 F. Supp. 3d at 180 ("If Plaintiff had merely claimed that Defendant lacked evidence

8

to prove its claims about SeroVital's effects on HGH levels, wrinkles, body fat, lean muscle mass, mood, sex drive, and consumers' looks and feelings, Defendant's argument might have merit.  However, the Court finds that Plaintiff has pleaded falsity, not just lack of substantiation."). In *Diebler*, the Court found allegations that the product was a placebo, that it was "incapable of increasing HGH levels", that it "does not work as claimed" and "two experts agree that SeroVital does not work as advertised" constituted a claim of falsity.  Even more so here, Plaintiffs could not be clearer that their complaint is that what the Supplement is represented as is *not* what the product actually is.  This is not an "assumption" as Defendant asserts in an aside (Motion pg. 4). Instead, because of the size 00 capsules the Supplements use, they cannot physically contain 420 mg of "Magnesium (as Magnesium Glycinate)" per serving and contrary representations are false.

Defendant argues that because Plaintiffs do not cite to any studies or tests or articles that show the Supplements "do not produce the advertised benefit" the claims should be dismissed. (Motion at 4).  But Plaintiffs' claim is not grounded in the falsity of a purported benefit, it is grounded in the actual falsity of the product description.  Further, there is no requirement anywhere that Plaintiffs allege a test or study to state a claim.  Nor is there any need to when simple math – along with the allegation that these are size 00 capsules - demonstrates that the product is not what it is represented to be.

Defendant argues that the Complaint fails to offer any affirmative evidence showing that the 420 mg representation is false or misleading. (Motion pg. 6).  This ignores, and does not address, paragraphs 21-28 of the Complaint which affirmatively shows and states the falsity.

Defendant cites a string of cases for the proposition that lack of substantiation is not actionable. *E.g*, *Kwan v. SanMedica Int'l, LLC,* 2014 WL 5494681 (N.D. Cal. Oct. 30, 2014) (lack of substantiation where the claim of falsity was "because: (1) the only study supporting

9

Defendant's representations did not test for 'youthful skin integrity, lean musculature, elevated energy production, [and] adipose tissue distribution,' and (2) that study is so deeply flawed that it cannot serve as a reliable basis for Defendant's representations."); *Franulovic v. Coca Cola Co.*, 390 F. App'x 125, 127 (3d Cir. 2010) (the claim was explicitly that "Coca Cola was required to adequately substantiate its advertising."); *Hoffman*, *supra*; *Scheuerman v. Nestle Healthcare Nutrition, Inc.,* 2012 WL 2916827, at *7 (D.N.J. July 17, 2012) (claim that "Nestle did not, and does not possess the requisite substantiation for these purported health claims."). But that a lack of substantiation claim is not actionable is not in dispute and Defendant does nothing to address the actual allegations of falsity. Further, what these cases show is that a lack of substantiation claim is very different from Plaintiffs' claim of actual falsity in advertising.

Because Plaintiffs affirmatively claim and plausibly allege that the Supplements do not contain 420 mg of "Magnesium (as Magnesium Glycinate)" per serving and are therefore false, the Motion should be denied.

### III. Plaintiffs' Other Causes of Action are Not Subject to Dismissal

Defendant argues that all other claims must be dismissed because they are premised on a lack of substantiation claim. (Motion pg. 7). As set forth above, that is inaccurate and this argument fails.

Defendant also states "this Court cannot determine whether Defendant breached an alleged warranty or committed fraudulent concealment because, as already detailed above, Plaintiffs have alleged no facts which make Defendant's claims about the Product false." (Motion pg. 7). As stated above, (1) the Supplement represents that it contains 420 mg of "Magnesium (as Magnesium Glycinate)" per serving but (2) Plaintiffs allege and demonstrate that the Supplements do not contain 420 mg of "Magnesium (as Magnesium Glycinate)" per serving. Defendant's claim that

10

Plaintiffs have alleged no facts in support of their claims of falsity ignores the Complaint, specifically paragraphs 21-28, and should be disregarded.

### IV.   Injunctive Relief

Plaintiffs withdraw their claims for injunctive relief and agree to their dismissal.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court deny the motion to dismiss.

Dated: August 3, 2023                                         Respectfully submitted,

By:   */s/ Sergei Lemberg*
Sergei Lemberg
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:   (203) 653-3424
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 3rd day of August, 2023, I electronically served the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

            */s/ Sergei Lemberg*
            Sergei Lemberg