# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DALIT COHEN and ROSEMARY ROBERTSON, and on behalf of themselves all others similarly situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> QUTEN RESEARCH INSTITUTE, LLC d/b/a QUNOL MINERALS <br><br> *Defendants.* | Case No.: 2:23-cv-01783-MCA-MAH |

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

Daniel J. Cohen, Esq.
NEWMAN, SIMPSON & COHEN, LLP
Court Plaza North
25 Main Street – 6th Floor
Hackensack, New Jersey
Telephone: (201) 487-0200
Facsimile: (201) 487-8570
dcohen@nscllp.com

Jason M. Kerr, Esq. (*pro hac vice*)
Steven W. Garff (*pro hac vice*)
PRICE PARKINSON & KERR PLLC
5742 West Harold Gatty Drive, Suite 101
Salt Lake City, UT 84116
Telephone: (801) 530-2900
Facsimile: (801) 517-7192
jasonkerr@ppktrial.com
stevengarff@ppktrial.com

*Attorneys for Defendants Quten Research Institute, LLC d/b/a Qunol Minerals*

# **TABLE OF CONTENTS**

**ARGUMENT** ..........................................................................................................................1

    **The Complaint's Facts Do Not Show Falsity.** ......................................................................1

    **The Complaint is an Impermissible Lack of Substantiation Case**....................................3

    **The Complaint's Other Cases of Action all Fall with the Statutory Claims** ....................4

    **Plaintiffs' Injunctive Relief Claims Should be Dismissed with Prejudice** ........................4

**CONCLUSION**......................................................................................................................5

## **TABLE OF AUTHORITIES**

**Cases**

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544, 555 (2007) ................................................................................................1

*Deibler v. SanMedica Int'l, LLC,*
  488 F. Supp. 3d 169 (D.N.J. 2020) ..................................................................................3

*Hodges v. Vitamin Shoppe, Inc.,*
  2014 WL 200270, at *3 (D.N.J. Jan. 15, 2014) ........................................................2, 3 4

*Papasan v. Allain,*
  478 U.S. 265, 286 (1986) ................................................................................................1

*Spector v. Mondelez Int'l, Inc.,*
  No. 15 C 4298, 2017 WL 4283711, at *4 (N.D. Ill. Sept. 27, 2017) ........................2, 3, 4

**ARGUMENT**

**The Complaint's Facts Do Not Show Falsity**

Plaintiffs believe that their Complaint survives this Motion to Dismiss (the "Motion") because "Plaintiffs' Complaint unequivocally states that the representations on the Supplements are affirmatively false." Opposition at 7 (citing Compl. ¶ 28 ("Defendant's representations that two capsules of the Magnesium Supplements contain 420 mg of magnesium as magnesium glycinate is false")). Simply stating that the representations are false is not enough. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (cited in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The only way that a complaint can survive a motion to dismiss is if it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Complaint does indeed state—in conclusory fashion—that the advertising is false. But that does not satisfy Rules 8 or 9(b). The Court must examine what specific facts plaintiffs plead to support this claim. And what the Opposition points to for the facts that "Plaintiffs base the allegation on" is the Complaint's assertion that 420 mg of magnesium cannot fit into the Product. Opposition at 8. But as Defendant points out, this contention is not actually supported. *See* Motion at 3-4. The Complaint does not allege any testing showing that the Product does not actually contain this amount of magnesium. Instead, the Complaint focuses on one ingredient of the Product (magnesium glycinate) and then just assumes that it is impossible for that ingredient alone to yield the advertised magnesium dosage.

Plaintiffs claim that their conclusion is supported by "simple math" that "demonstrates" it. Opposition at 9. But taking a look at what this math actually is shows that the Complaint is based on assumptions that do not rise to the level of falsity. The Opposition spells out the specific support as follows: "(1) the representations on the Supplements; (2) the actual density of magnesium in

-1-

magnesium glycinate (Compl. ¶ 24); and (3) the fact that Defendant uses size 00 capsules (Compl. ¶ 23)."

But these facts do not show that it is impossible to include the advertised magnesium in the Product by any math because they cannot rule out the advertising claims, even when these facts are accepted as true. The Complaint focuses on one ingredient of the Product (magnesium glycinate) and then just assumes that it is impossible for that ingredient alone to yield the advertised magnesium dosage. Or, in the alternative, the Complaint alleges, also without support, that whatever magnesium is in the Product is not as absorbable as magnesium glycinate. Complaint ¶ 29. But this does not show that it is actually impossible that the Product contains the advertised amount of magnesium and there is no testing or measurement alleged of the actual amount of magnesium in the Product. Thus, the Complaint suffers from the same fatal defects as the complaint in *Hodges v. Vitamin Shoppe, Inc.*, where the court dismissed a complaint because the plaintiff had failed to "inject precision or some measure of substantiation into [his] fraud allegation," as required by Rule 9(b). 2014 WL 200270, at *3 (D.N.J. Jan. 15, 2014).

Lacking specific facts that support this conclusion, there can be no falsity. *Spector v. Mondelez Int'l, Inc.*, No. 15 C 4298, 2017 WL 4283711, at *4 (N.D. Ill. Sept. 27, 2017) ("If Plaintiff asserts that Defendant's advertising is false but alleges specific facts that do not actually disprove the advertising claim, then the result is an end-run around the Illinois rule prohibiting her from shifting the burden to Defendant of proving the truthfulness of its advertisement"). Indeed, the plaintiff in the *Spector* case made the same argument that Plaintiffs make here, but the court concluded that "[s]uperficially, Plaintiff's arguments suggest that she has support for her allegation of falsity, but, upon closer examination, the allegations on which Plaintiff relies require a 'leap [ ] made through nothing but speculation' in order to reach the conclusion of falsity Plaintiff advances." *Id.* at *5 (citation omitted).

Rather than respond to these problems or point to supporting facts, Plaintiffs contend that "Defendant completely ignores the gravamen of Plaintiffs' allegations and the foregoing facts which allege and demonstrate that the Supplements do not contain 420 mg of 'Magnesium (as Magnesium Glycinate)' per each 2-capsule serving." Opposition at 8.[1] But, again, the Motion does not ignore this allegation. On the contrary, the Motion points out why this allegation does not survive a motion to dismiss. *See e.g.* Motion at 1 ("the Complaint is premised on two conclusory alternative theories of falsity. The first is that 'it is impossible to fit 420 mg of magnesium derived from magnesium glycinate in two of the sized capsules Qunol uses.' Complaint at ¶ 2…. But both of these theories are premised on an attack of the substantiation of Defendant's advertising by attacking the amount and absorbability of the Product in conclusory fashion and failing to support these conclusions with facts that show the claims are actually false").

**The Complaint is an Impermissible Lack of Substantiation Case**

Because Plaintiffs "allege[] specific facts that do not actually disprove the advertising claim" survival of the complaint would result in "an end-run around" bar on substantiation-based claims. *Spector*, 2017 WL 4283711 at *4. But in an effort to survive the Motion, Plaintiffs compare their Complaint to that in *Deibler v. SanMedica Int'l, LLC*, 488 F. Supp. 3d 169 (D.N.J. 2020) to argue that their case is not premised on a lack of substantiation. Opposition at 8-9. But *Deibler* is not comparable. In *Deibler*, the plaintiff supported her allegation that the product did not work with specific expert testimony on that point. *Id.* at 174. ("Plaintiff therefore alleges that Defendant's advertising is false, pointing to expert testimony that 'SeroVital is not significantly different from a placebo'"). Plaintiffs have no such expert or factual support for their conclusions in this case. Instead, the Complaint is like the inadequate complaint in *Hodges* where "[t]he assertion that the

---

[1] See also Opposition at 10 ("Defendant does nothing to address the actual allegations of falsity")

Product is ineffective appears, however, to be based on Plaintiff's own conclusion as to the inability of the Product's four active ingredients… to deliver the promised benefits." *Hodges*, 2014 WL 200270 at \*4.  *See also Spector*, 2017 WL 4283711, at \*7 ("unlike the plaintiff in *Hansen*, Plaintiff does not cite to any expert opinion to support her view that Defendant's advertising claim is false. Nor does she allege any studies, like the plaintiffs in *Quinn* and *Sitt* did, which tested either the Defendant's Products or the SDS in Defendant's Products, and concluded that either the Products or the SDS in them do not produce the advertised result").

### The Complaint's Other Causes of Action all Fall with the Statutory Claims

Plaintiffs contend that "Defendant's claim that Plaintiffs have alleged no facts in support of their claims of falsity ignores" facts.  Opposition at 10-11.  According to Plaintiffs, these facts are:

> (1) the Supplement represents that it contains 420 mg of "Magnesium (as Magnesium Glycinate)" per serving [and]
> (2) Plaintiffs allege and demonstrate that the Supplements do not contain 420 mg of "Magnesium (as Magnesium Glycinate)" per serving.

*Id.* at 10.  However, as explained above, Defendant does not ignore these facts. And the second "fact" is not a fact, but is a conclusion that is not adequately supported.

### Plaintiffs' Injunctive Relief Claims Should be Dismissed with Prejudice

Plaintiffs have withdrawn and agreed to the dismissal of their injunctive relief claims. Opposition at 11. As already explained in the Motion, these claims are impermissible in this Circuit and, therefore, should be dismissed with prejudice.

## **CONCLUSION**

For the above reasons and those set forth in Defendant's original moving papers, Defendant respectfully requests that its Motion to Dismiss be granted in its entirety.

Dated:  August 14, 2023                                             Respectfully submitted,

/s/ *Daniel J. Cohen*
*Daniel J. Cohen*
NEWMAN, SIMPSON & COHEN, LLP
Court Plaza North
25 Main Street – 6th Floor
Hackensack, NJ 07601
Telephone: (201) 487-0201
Email: dcohen@nscllp.com